≈JS 44   (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ALMA AND GREGORY RUSH | NCO FINANCIAL SYSTEMS, INC. |

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893  Environmental Matters |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | **CIVIL RIGHTS** | ☐ 465 Other Immigration Actions | | |
| | ☐ 441 Voting | | | |
| | ☐ 442 Employment | **PRISONER PETITIONS** | | |
| | ☐ 443 Housing/ Accommodations | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 444 Welfare | **Habeas Corpus:** | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | | |
| | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)   (See instructions):

JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE   02/16/12

SIGNATURE OF ATTORNEY OF RECORD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Alma & Gregory Rush                                      CIVIL ACTION
              v.
NCO Financial Systems, Inc.                              NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

02/16/12          Craig Thor Kimmel        Alma + Gregory Rush
Date              Attorney-at-law          Attorney for

215-540-8888      877-788-2864             Kimmel@creditlaw.com
Telephone         FAX Number               E-Mail Address

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __335 Liberty Blvd. Phillipsburg, NJ 08865__

Address of Defendant: __507 Prudential Blvd., Horsham, PA 19044__

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases  15 U.S.C. § 1692
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __02/16/12__   _____   __57100__
                        Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/16/12__   _____   __57100__
                        Attorney-at-Law           Attorney I.D.#

CIV. 609 (6/08)

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ALMA AND GREGORY RUSH,        )
                              )
         Plaintiffs           )
                              )
    v.                        )   Case No.:
                              )
NCO FINANCIAL SYSTEMS, INC.,  )   COMPLAINT AND DEMAND FOR
                              )   JURY TRIAL
         Defendant            )
                              )   (Unlawful Debt Collection Practices)

## COMPLAINT

ALMA and GREGORY RUSH ("Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiffs are natural persons residing in Phillipsburg, New Jersey 08865.

6. Plaintiffs are each a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7. Also, Plaintiffs are persons granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, PA 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant and others it retained constantly and continuously placed harassing and abusive collection calls to Plaintiffs beginning in September 2011 seeking and demanding payment for an alleged consumer debt.

12. Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

13. Defendant, its employees and servants harassed Plaintiffs by making continuous calls to their home telephone number for almost four (4) months seeking to collect a debt.

14. Plaintiffs received telephone calls from the following phone numbers: (888) 289-0907 and (866) 278-1213, which the undersigned has confirmed are telephone numbers belonging to Defendant.

15. In September 2011, when Defendant first began contacting Plaintiffs, Defendant

called Plaintiffs, on average, two (2) times a day in its attempts to collect a debt.

16. Then, when Plaintiffs did not respond to Defendants constant telephone calls, in November 2011, Defendant began contacting Plaintiffs, on average, four (4) to six (6) times a day on their home telephone.

17. In addition to continuously and repeatedly contacting Plaintiffs, Defendant also left automated voicemail messages on their home answering machine.

18. When leaving the automated voicemail messages, Defendant would only leave partial messages, making it impossible for Plaintiffs to know whom Defendant was contacting and why Defendant was calling them.

19. On at least one occasion, Defendant contacted Plaintiffs at 7:30 a.m.

20. Most recently, Defendant contacted Plaintiffs on January 24, 2012, at 2:26 p.m. and 3:39 p.m.; and on January 25, 2012, at 9:45 a.m. and 3:46 p.m.

21. Within five (5) days of its initial contact with Plaintiffs, Defendants failed to send written notification to Plaintiffs advising them of their rights to dispute the debt and/or request verification as well as providing them with information about the alleged debt.

22. Wanting to stop Defendant's continuous and repeated telephone calls, Plaintiffs retained counsel.

23. On January 25, 2012, at 3:29 p.m., counsel for Plaintiff sent a cease and desist letter to Defendant's counsel. See Exhibit A, Cease and Desist Letter to Defendant.

24. Despite having been made aware that Plaintiffs were represented by counsel and that they did not want to receive any more collection calls, on the following day, January 26, 2012, at 5:45 p.m., Defendant contacted Plaintiffs seeking and demanding payment of a debt.

25. The repetitive calls to Plaintiffs were disturbing, harassing, and an invasion of

their privacy.

## CONSTRUCTION OF LAW

26. The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); see also <u>Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

27. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

28. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u> The least sophisticated consumer standard serves a dual purpose in that it

ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

29. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

 a. Defendant violated the FDCPA generally;

 b. Defendant violated §1692c(a)(1) of the FDCPA by communicating with Plaintiffs at a time known or which should have been known to be inconvenient for Plaintiffs to receive collection calls;

 c. Defendant violated §1692b(6) and §1692c(a)(2) of the FDCPA by communicating with Plaintiffs when Defendant knew that Plaintiffs were represented by counsel;

 d. Defendant violated §1692c(c) of the FDCPA by communicating with Plaintiff after Plaintiffs notified Defendant in writing that it wanted Defendant to cease further communication with them;

 e. Defendant violated §1692d of the FDCPA by harassing Plaintiffs in connection with the collection of an alleged debt;

 f. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring and engaging Plaintiffs in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiffs;

 g. Defendant violated §1692f of the FDCPA by using unfair and unconscionable

means with Plaintiffs to collect or attempt to collect a debt; and

h. Defendant violated §1692g of the FDCPA when it failed to send Plaintiffs written notification within five (5) days of its initial communication with Plaintiffs informing Plaintiffs of their rights to dispute the debt and/or to request verification of the debt as well as providing them with information about the alleged debt.

WHEREFORE, Plaintiffs, ALMA and GREGORY RUSH, respectfully pray for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutor y damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, ALMA and GREGORY RUSH, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 02|16|12

By: _____
Craig Thor Kimmel
Attorney ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email:   kimmel@creditlaw.com

6

PLAINTIFFS' COMPLAINT



CRAIG THOR KIMMEL<sup>+,^</sup>
ROBERT M. SILVERMAN<sup>*,-</sup>

<sup>+</sup> *Member, PA Bar*
<sup>*</sup> *Member, NJ Bar*
<sup>x</sup> *Member, DE Bar*
<sup>-</sup> *Member, NY Bar*
<sup>^</sup> *Member, MA Bar*
<sup>#</sup> *Member, MD Bar*
<sup>•</sup> *Member, OH Bar*
<sup>§</sup> *Member, MI Bar*
<sup>α</sup> *Member, NH Bar*
<sup>±</sup> *Member, CT Bar*
<sup>«</sup> *Member, TN Bar*
<sup>β</sup> *Member, WY Bar*
<sup>ϒ</sup> *Member, DC Bar*
<sup>¢</sup> *Member, CA Bar*

# KIMMEL & SILVERMAN
## P.C.

www.CREDITLAW.com
(800)-NOT-FAIR

**CORPORATE HEADQUARTERS**
30 E. Butler Pike, Ambler, PA 19002
Toll Free (800)-668-3247
Fax (877)-788-2864

DELAWARE, 501 Silverside Road, Suite 118, Wilmington, DE 19809, (302) 791-9373
NEW ENGLAND, 60 Hartford Pike, P.O. Box 325, Dayville, CT 06241, (860) 866-4380
NEW JERSEY, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, (856) 429-8334
NEW YORK, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, (212) 719-7543
WESTERN DISTRICT OF NY, 1207 Delaware Avenue, Suite 440, Buffalo, NY 14209, (716) 332-6112
W. PENNSYLVANIA, 210 Grant Street, Suite 202, Pittsburgh, PA 15219, (412) 566-1001
Please reply to CORPORATE HEADQUARTERS

JACQUELINE C. HERRITT<sup>*,#</sup>
ROBERT A. RAPKIN<sup>*</sup>
ANGELA K. TROCCOLI<sup>x,±</sup>
FRED DAVIS<sup>*</sup>
AMY L. BENNECOFF<sup>*,^,#,±</sup>
CHRISTINA GILL ROSEMAN<sup>*,§</sup>
RICHARD A. SCHOLER<sup>*</sup>
TARA L. PATTERSON<sup>*</sup>
W. CHRISTOPHER COMPONOVO<sup>x</sup>
TIMOTHY J. ABEEL, JR.<sup>*</sup>
JACOB U. GINSBURG<sup>+</sup>
JOSEPH L. GENTILCORE<sup>*</sup>

January 25, 2012

**VIA E-MAIL**
Ross S. Enders, Esq.
Sessions, Fishman, Nathan & Israel, LLC
200 Route 31 North, Suite 203
Flemington, NJ 08822

> **RE: Rush, Alma & Gregory v. NCO Financial Systems, Inc.**
> 335 Liberty Blvd., Phillipsburg, NJ 08865

Dear Mr. Enders:

Please be advised that we represent the above-named individual regarding claims against your company pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C 1692, et seq. and State law. Having been formally notified of representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to our attention only. We reserve the right to seek injunctive relief should you fail to honor these directives.

**THIS LETTER ALSO SERVES AS NOTICE TO IMMEDIATELY CEASE AND DESIST CONTACTING OUR CLIENT** with respect to the collection or attempted collection of any debt, pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b(6) and 1692c(b), et seq. There to be absolutely no calls, letters, or other communications whatsoever by any debt collector. Do not contact our client at home, at work, by cellular phone, by mail or otherwise.

Based upon the information received to date, an FDCPA claim is being prepared and will be filed against your company without further advance notice. You may if desired, contact us to discuss the matter but in any event, do not attempt to communicate with our client directly.

*"When Debt Collectors Called you, they never expected you to call us"*
© Copyright 2009-2010 All Rights Reserved, Kimmel & Silverman, P.C



© Copyright 2009-2010 All Rights Reserved, Kimmel & Silverman, P.C

Sincerely,

/s/ Craig Thor Kimmel

CRAIG THOR KIMMEL